**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ROMAINE GORDON,                          :

           Petitioner          :      CIVIL ACTION NO. 3:24-1322

    v.                                   :            (JUDGE MANNION)

WARDEN, FCI ALLENWOOD           :
LOW,
                          :
           Respondent

## MEMORANDUM

*Pro se* Petitioner Romaine Gordon ("Gordon"), who is incarcerated at FCI Allenwood Low, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. §2241, alleging that the Federal Bureau of Prisons ("BOP") improperly denied his request for Residential Reentry Center/Home Confinement ("RRC/HC") placement. (Doc. 1.) He has also filed a motion for expedited consideration of his petition and an affidavit in support of the motion. (Docs. 4, 5.) For the following reasons, the Court will dismiss the habeas petition without prejudice based on Gordon's failure to exhaust the BOP's available administrative remedies and deny the motion for expedited consideration.

## I. BACKGROUND

Gordon is serving a sixty-three (63)-month term of imprisonment following his guilty plea to one count of attempted wire fraud (18 U.S.C. §§1343, 1349) and sentencing in the United States District Court for the District of South Carolina. (*Id.* at 1); *see also* J. at 1–2, *United States v. Gordon*, No. 4:21-cr-293 (D.S.C. Apr. 27, 2022). He asserts that his projected release date is November 29, 2024. *See* (Doc. 1 at 3). *But see* Bureau of Prisons Inmate Locator, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited August 21, 2024) (stating Gordon's release date is January 18, 2025).

In his Section 2241 habeas petition, Gordon alleges that the BOP violated his equal protection rights under the Fifth Amendment to the United States Constitution by denying his request for RRC/HC placement. (Doc. 1 at 2, 6.) Regarding this habeas claim, Gordon acknowledges that he has not exhausted his administrative remedies with the BOP insofar as he indicates that he has appealed from the initial denial of his RRC/HC request to the Warden of FCI Allenwood Low, and the Warden's response to his appeal was due on August 18, 2024. (*Id.* at 2.) He nevertheless argues in his motion for expedited consideration and supporting affidavit that the Court should

excuse him from the exhaustion requirement because requiring him to exhaust would render his petition moot. (Doc. 4 at 1; Doc. 5 at 1.)

## II.  DISCUSSION

### A.  Legal Standard

Under Section 2241, habeas relief may be extended to a federal prisoner only when they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, 28 U.S.C. foll. §2254; *see* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. §2254]."); *see also Heath v. Bell*, 448 F. Supp. 416, 417 (M.D. Pa. 1977) (noting that Rule 1(b) of the Rules Governing Section 2254 Habeas Petitions in the United States District Courts renders Rule 4 applicable to Section 2241 habeas petitions). Thus, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing R. 4, 28 U.S.C. foll. §2254).

**B.**   <u>**Analysis**</u>

As explained above, Gordon recognizes that he has not fully exhausted his administrative remedies as to the sole claim in his Section 2241 habeas petition but seeks to be excused from exhaustion because he purportedly has a release date of November 29, 2024. (Doc. 1 at 3; Doc. 4 at 1; Doc. 5 at 1.) Unlike with Section 2254 and 2255 habeas petitions, there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[T]here is no statutory exhaustion requirement attached to §2241[.]"). Nevertheless, the Third Circuit Court of Appeals has "consistently applied an exhaustion requirement to claims brought under §2241." *Id.* (citations omitted). Exhaustion "allow[s] the appropriate agency to develop a factual record and apply its expertise[,] . . . conserves judicial resources[,] and . . . provide[s] agencies the opportunity to correct their own errors [which] fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996) (citations omitted).

Regarding exhaustion within the BOP, it has an Administrative Remedy Program through which federal prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek

- 4 -

formal review of an issue relating to any aspect of his/her own confinement."). Specifically, the BOP has a four (4)-step administrative process through which an inmate can address issues concerning the conditions of their confinement. *See id.* §542.13(a)–15(a). Except in circumstances inapplicable here, an inmate must first informally present the complaint to staff, who must attempt to informally resolve the matter. *See id.* §542.13(a) ("Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the Warden, within twenty (20) calendar days of the date of the incident. *See id.* §542.14(a) ("The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."). If the inmate is dissatisfied with the Warden's response, they may then appeal to the Regional Director within twenty (20) calendar days. *See id.* §542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20

calendar days of the date the Warden signed the response."). The inmate may then, if dissatisfied with the Regional Director's response, appeal to the General Counsel at the BOP's Central Office within thirty (30) calendar days. *See id.* ("An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."). This is the final administrative appeal level in the BOP, and no administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel. *See id.* ("Appeal to the General Counsel is the final administrative appeal."); *see also Redmond v. Dortch*, 823 F. App'x 266, 267 (5th Cir. 2020) (unpublished) ("Redmond did not fully exhaust his remedies because he never completed the fourth and final step of appeal to the Office of General Counsel.").

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (unpublished) (explaining that "exhaustion is a precondition to bringing suit" and summarily affirming district court's dismissal of Section 2241 petition due to petitioner's failure to exhaust). Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if "the issue

presented involve[s] only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Similarly, exhaustion is not required "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (unpublished); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (explaining that "[a]n exception is made [to the exhaustion requirement] only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

In this case, Gordon does not articulate any legal basis to support his suggestion of futility, *i.e.*, that he need not exhaust his administrative remedies at the BOP because of his impending November 29, 2024 release date. Even if he attempted to do so, his argument would fail because, as recently stated:

> The Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground. Additionally, district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because [their] projected release date is approaching, and [they] may not complete [their] administrative appeal before the release date. *See, e.g.*, *Brown v. Sage*, No. 22-cv-325, 2022 WL 1295414, at *1-2 (M.D. Pa. April 29, 2022); *Malvestuto v. Martinez*, No. 09-cv-1339, 2009 WL 2876883, at *2-3 (M.D. Pa. Sept. 1, 2009); *Bartolotti v. Knight*, No. 22-cv-6137, 2022 WL 17959577, at *1-2 (W.D. Pa. Dec. 27, 2022);

*Rosales v. Hollingsworth*, No. 15-cv-3840, 2015 WL 4314572, at
*2 (D.N.J. July 14, 2015).

*Meadows v. Warden, FCI-Allenwood Low*, No. 3:24-cv-952, 2024 WL
3871810, at *2 (M.D. Pa. Aug. 19, 2024). Moreover, as Gordon points out in
his petition, the Warden's response to his initial formal request was due on
August 18, 2024. (Doc. 1 at 3.) As such, he still has ample time to complete
the remainder of the administrative process before seeking habeas relief.
Accordingly, there is no factual or legal basis upon which this Court could
conclude that requiring Gordon to fully exhaust his administrative remedies
with the BOP is futile, and the Court must deny his motion for expedited
consideration and dismiss without prejudice his Section 2241 habeas
petition.

### C.  Certificate of Appealability

To receive a certificate of appealability under 28 U.S.C. §2253(c),
Gordon must demonstrate, "at least, that jurists of reason would find it
debatable whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it debatable whether
th[is Court] court was correct in its procedural ruling." *Slack v. McDaniel*, 529
U.S. 473, 484 (2000). Here, the Court concludes that Gordon has made no
such showing. Thus, a certificate of appealability will not issue in this case.

## III.    CONCLUSION

Based on the foregoing, the Court will deny Gordon's motion for expedited consideration and dismiss without prejudice his Section 2241 habeas petition. In addition, a certificate of appealability will be not issued, and the Clerk of Court will be directed to close this case. An appropriate order follows.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 29, 2024**
24-1322-01